**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**TERRY BRACEY**                                                                          **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO.:** 3:23-cv-2961-DPJ-FKB

**BIG 10 TIRE CO., INC.**                                                              **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Terry Bracey, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 for race discrimination against the Defendant, Big 10 Tire Co., Inc.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.      Plaintiff, Terry Bracey, is an adult African American male who resides in Madison County, Mississippi.

2.      Defendant, Big 10 Tire Co., Inc., may be served with process by serving its registered agent: Debbie C. Fisher, 4410 Highway 80 East, Pearl, Mississippi 39208.

**JURISDICTION AND VENUE**

3.      This Court has federal question and civil rights jurisdiction for a cause of action arising under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981.

4.      This Court has subject matter and personal jurisdiction over the Defendant and venue is proper in this Court.

1

5.      Plaintiff timely filed his Charge of Discrimination with the EEOC on April 18, 2022, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on June 30, 2023, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of his Notice of Right to Sue.

## STATEMENT OF FACTS

6.      Plaintiff is a 42-year-old black male resident of Madison County and Ridgeland, Mississippi. He was hired on September 9, 2019, as a salesperson/Assistant Manager at Defendant.

7.      Defendant is an employer under Title VII.

8.      On December 17, 2021, Plaintiff was promoted to the position of Store Manager at Defendant's store in Clinton.  Plaintiff had previously held the position of Assistant Manager at that store for over two years.

9.      On or around January 10, 2022, Operations Manager George Bennett (white male) hired Joshua Watts (white male) and placed him in Plaintiff's store as a Salesperson/Assistant Manager.

10.     Plaintiff began instructing Mr. Watts as to how he preferred things to be run in his store and regarding Mr. Watts' duties and requirements in his role as Salesperson/Assistant Store Manager.

11.     Mr. Watts, however, responded by stating that according to Mr. Bennett, he (Mr. Watts) was allowed to perform the same administrative duties as Plaintiff. Moreover, Mr. Watts stated that Mr. Bennett had assured Mr. Watts that he did not have

to clock out for lunch, and he was guaranteed to be able to work 40 hours per week plus overtime.

12.     During the week that followed, Plaintiff instructed Mr. Watts as to how he wanted parts to be ordered and how he (Plaintiff) needed to be informed about what up-scale items were sold.  In response, Mr. Watts stated, "I don't have to tell you what I've sold. "

13.     On or around January 14, 2022, Mr. Bennett informed Plaintiff that Mr. Watts had complained that Plaintiff was "micromanaging" Mr. Watts.  Plaintiff was instructed to "let [Mr. Watts] loose" and to "leave him alone."

14.     Plaintiff did his best to comply with this directive.

15.     During the three months between December 17, 2021, and March 18, 2022, while Plaintiff served as the store's Store Manager, his store performed well, and the store's budget was generally improving from what it had been during the previous year.

16.     On March 18, 2022, Plaintiff was called to meet with Mr. Bennett and Owner Talley Noah (white male).  During that meeting, Mr. Bennett and Mr. Noah informed Plaintiff that effective March 21, 2022, they were promoting Mr. Watts to the position of Store Manager and demoting Plaintiff to the position of Assistant Manager. This switch amounted to a $300-$400 per month pay increase for Mr. Watts and a pay cut of the same amount for Plaintiff.

3

17.     When Mr. Plaintiff asked the reason for this decision, Mr. Bennett stated, "the store is not going in the direction we want to see."

18.     Prior to his employment at Defendant, Mr. Watts worked as a Store Manager with other companies and then was hired at Defendant in October 2021. As noted above, Plaintiff began working at Defendant in September 2019. As far as managerial experience, Plaintiff and Mr. Watts were evenly balanced, yet Plaintiff had worked considerably longer at Defendant than Mr. Watts had.

19.     On or around August 10, 2022, Mr. Watts resigned from his position at Defendant. Plaintiff hoped that he would then once again become the Store Manager, and he voiced his interest to Mr. Bennett. At that time, however, Mr. Bennett picked Eric Varona-Nava (white male) to take over as Store Manager rather than Plaintiff.

20.     At that time, Mr. Varona-Nava had never been a manager previously. Prior to August 2022, Mr. Varona-Nava was a Sales Associate at the Defendant's Madison store, where he had received multiple customer complaints and had, on several occasions, fallen asleep while on the job.

21.     On April 10, 2023, faced with a situation no reasonable person could tolerate, i.e., being blatantly discriminated against due to race, Plaintiff considered himself constructively discharged.

22.     After Plaintiff left, his position was replaced by Mr. Josh LNU (white male).

23.     On April 18, 2022, Plaintiff filed an EEOC Charge of race discrimination against Defendant.

4

24.    On June 8, 2022, in response to Plaintiff's Charge, Defendant submitted a Position Statement to the EEOC.

25.    Defendant's Position Statement alleges that after Plaintiff was promoted to the position of Store Manager in December 2021, "It quickly became apparent that Charging Party lacked the managerial skills required for the Store Manager position. Employees complained of Charging Party's unprofessional attitude, lack of assistance, and absences from the store for prolonged meal periods."

26.    Plaintiff contends that this allegation is false and is not consistent with what he was told at the time.  Plaintiff contends that both Mr. Bennett and Mr. Noah openly expressed to Plaintiff that he was fully qualified for and possessed the managerial experience and skills to function as the Store Manager.

27.    Plaintiff flatly denies any allegation of him displaying an unprofessional attitude or lack of assistance.

28.    Regarding "absences from the store", Plaintiff contends that these were not often, yet when they occurred, he was invariably conducting Defendant's business, such as making daily bank deposits.  Additionally, as he and Mr. Bennett had discussed on numerous occasions, Plaintiff occasionally visited nearby businesses with the goal of networking and eliciting more business for the Defendant's Clinton store, which had only been in the community for the previous two years.

29.      Plaintiff adamantly contends that all his actions were justifiable and led to the increase in customers, profit sales, and positive customer reviews seen for the Clinton store during the early 2022 year.

30.      Defendant's Position Statement further alleges that, "As such, on or about March 21, 2022, Big 10 removed Charging Party from the Store Manager position, returned him to his Sales position, and adjusted his compensation. Specifically, Big 10 moved Charging Party from salary to hourly, but increased his hourly rate from the original rate of $17.00 to $18.00 per hour."

31.      Plaintiff concedes that this allegation is an accurate depiction of what happened.  Yet, Plaintiff contends that this action was discriminatory against Plaintiff due to his race, in that his position (i.e., Store Manager) was replaced by Mr. Watts, a white male, even though Mr. Watts had no more experience than Plaintiff, and less experience overall with Defendant.

32.      Furthermore, after Mr. Watts left Defendant in August 2022, the Store Manager position was given to yet another white male, Mr. Varona-Nava instead of to Plaintiff.  Plaintiff contends that at that time, he (Plaintiff) had more management experience than Mr. Varona-Nava, and that he was, for the second time at Defendant, discriminated against due to his race.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF TITLE VII – RACE DISCRIMINATION

33.      Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 32 above as if fully incorporated herein.

34.    Defendant has discriminated against Plaintiff because of his race based on the facts identified above which constitutes a violation of Title VII.

35.    Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, axiety and emotional distress.

36.    The unlawful actions of Defendant complained of above were intentional malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and puntive damages pursuant to Title VII.

### COUNT II: VIOLATION OF 42 U.S.C § 1981 – RACE DISCRIMINATION

37.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 36 above as if fully incorporated herein.

38.    Defendant has discriminated against Plaintiff because of his race based on the facts identified above and is a violation of 42 U.S.C. §1981.

39.    Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, axiety and emotional distress.

40.    The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and punitive damages pursuant to 42 U.S.C. §1981.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon

hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount

to be determined by the jury:

1.   Back wages and reinstatement; or
2.   Future wages in lieu of reinstatement; and
3.   Compensatory damages;
4.   Punitive damages;
5.   Attorney's fees;
6.   Lost benefits;
7.   Pre-judgment and post-judgment interest;
8.   Costs and expenses; and
9.   Such further relief as is deemed just and proper.

THIS the 26th day of September 2023.

Respectfully submitted,

TERRY BRACEY, Plaintiff

By:    /s/Louis H. Watson, Jr.
       Louis H. Watson, Jr.  (MB# 9053)
       Nick Norris (MB# 101574)
       Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com